NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DAVID WALKER LITTLEHALE, *Appellant*.

No. 1 CA-CR 21-0197
FILED 3-29-2022

Appeal from the Superior Court in Yavapai County
No. P1300CR201901296
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Law Offices of Stephen L. Duncan PLC, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

_____

**B R O W N,** Judge:

¶1        David Walker Littlehale appeals his convictions and sentences for kidnapping, tampering with physical evidence, and sexual assault. For the following reasons, we affirm.

## BACKGROUND

¶2        As 15-year-old M.H. was walking to a friend's house after school, Littlehale forced her into his car and threatened to kill her if she screamed. Ignoring M.H.'s pleas to pull over, Littlehale drove home, where he physically and sexually assaulted her. Littlehale repeatedly threatened M.H. that he was going to kill her. At one point, Littlehale took M.H. to the bathroom where he urinated on her hair and in her mouth. When M.H. "spit it out," Littlehale told her, "I didn't tell you to spit it out."

¶3        M.H. fought back and eventually fled naked to a neighbor's house, where she hid until help arrived. Knowing "the police were going to be at the house at some point," Littlehale then collected M.H.'s clothes, put them in his car, and parked the car away from his house.

¶4        Police later interviewed Littlehale, and he confessed to "sexually assault[ing]" M.H. "in a couple different ways." Littlehale admitted that he touched her vagina multiple times, and that he made her perform oral sex on him. At trial, M.H. confirmed Littlehale's admissions, and she also testified that he digitally penetrated her vagina and anus. Littlehale also admitted he told M.H. she was not free to leave his house, and that he tried to "get rid of" M.H.'s clothes after she got away.

¶5        The State charged Littlehale with one count each of attempted first-degree murder, kidnapping, and tampering with physical evidence, and four counts of sexual assault. The jury failed to reach a verdict on the attempted first-degree murder charge but convicted Littlehale of the remaining counts. After an aggravation phase and finding Littlehale had two historical prior felony convictions, the superior court imposed a combination of concurrent and consecutive aggravated sentences that total

100 years' imprisonment. Littlehale timely appealed, and we have jurisdiction under A.R.S. § 12-120.21(A)(1).

## DISCUSSION

### A. Other Acts Evidence

¶6 Littlehale argues the superior court erred by admitting evidence that he urinated on the victim. He contends the uncharged act of urination was a separate and distinct act from the charged sexual assaults and was therefore inadmissible under Arizona Rule of Evidence ("Rule") 404(c). We review for an abuse of discretion because Littlehale objected to the evidence at trial on Rule 404(c) grounds. *State v. Connor*, 215 Ariz. 553, 563, ¶ 32 (App. 2007).

¶7 Generally, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action or conformity therewith." Rule 404(b)(1). One exception applies in cases where a defendant is charged with a sexual offense: "[E]vidence of other crimes, wrongs, or acts may be admitted by the court if relevant to show that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the offense charged." Rule 404(c). Before admitting evidence under Rule 404(c), the court must find that "[t]he evidentiary value of proof of the other act is not substantially outweighed by danger of unfair prejudice, confusion of issues, or other factors mentioned in Rule 403." Rule 404(c)(1)(C); *see also State v. Ferrero*, 229 Ariz. 239, 242, ¶ 11 (2012) (when evidence of a prior similar sex offense committed against the same child is offered to prove a defendant's aberrant propensity to commit the charged sexual offense, "the evidence must be screened under Rule 404(c)" before it is admitted).

¶8 Littlehale argues that the prejudice of the urination testimony far outweighs any probative value. He also faults the superior court for failing to make specific findings on the record as required by the rule. *See* Rule 404(c)(1)(D) ("The court shall make specific findings with respect to each of (A), (B), and (C) of Rule 404(c)(1).").

¶9 Because Rule 404(b) and Rule 404(c) pertain to "other acts," those rules do not determine the admissibility of acts that are "so closely related to the charged act that they . . . are part of the charged act itself." *Ferrero*, 229 Ariz. 239 at 242, ¶ 14 (quotation omitted). Such admissible evidence, known as "intrinsic" evidence, must either directly prove the charged act, or have been performed contemporaneously with and directly facilitated the commission of the charged act. *Id.* at 243, ¶ 19.

¶10 Here, neither Rule 404(b) nor (c) were implicated because the evidence that Littlehale urinated on the victim was not other-act evidence admitted to prove his propensity to commit the charged sexual offenses. Rather, M.H. testified about Littlehale's behavior, including the urination, which illustrated his control over her. That is, the evidence directly established Littlehale's knowing restraint of M.H. without her consent. Thus, the urination evidence was intrinsic evidence of the kidnapping. *See* A.R.S. § 13-1304(A) ("A person commits kidnapping by knowingly restraining another person . . . ."); *Ferrero*, 229 Ariz. at 242, ¶ 14. The superior court properly overruled Littlehale's Rule 404(c) objection and was not required to make specific findings on the record.

## B. Photographs

¶11 Littlehale challenges the superior court's admission of two photographs taken after his arrest that depict him handcuffed in the police interview room. Acknowledging that the pictures were "ostensibly" admitted to demonstrate his injured hands and thereby corroborate M.H.'s testimony, Littlehale suggests the court should have *sua sponte* redacted the photographs "to remove the visible handcuffs." *See State v. Hardy*, 230 Ariz. 281, 292, ¶ 54 (2012) (noting that a criminal defendant generally "has a right to appear in civilian clothing and be free from visible restraints in a courtroom during trial").

¶12 The parties dispute the applicable standard of review. Littlehale contends we must review for an abuse of discretion, *State v. Spreitz*, 190 Ariz. 129, 142 (1997) (trial courts have broad discretion in admitting photographs), while the State argues Littlehale's "general" objection at trial did not preserve the issue for appeal absent fundamental error, *see State v. Escalante*, 245 Ariz. 135, ¶ 1 (2018). Because we conclude that the record does not reveal any prejudice resulting from admission of the photographs, resolving the dispute is unnecessary. *See Escalante*, 245 Ariz. at 142, ¶ 21 (to prevail under fundamental error review, defendant has the burden of establishing prejudice); *Spreitz*, 190 Ariz. at 142 ("[E]ven if the trial court abused its discretion in admitting the photographs, we need not reverse or remand if this error was harmless."). For the same reason, we need not determine whether admitting the unredacted photographs was error.

¶13 By the time the photographs were admitted into evidence, the jury had already viewed, without objection, Littlehale's recorded police interview during which he was visibly handcuffed. Any prejudicial impact of the photographs was therefore mitigated, if not entirely eliminated.

More importantly, however, the State presented overwhelming evidence of Littlehale's guilt absent the photographs. *State v. Burns*, 237 Ariz. 1, 15, ¶ 38 (2015) (explaining that error is harmless when evidence of guilt is overwhelming). As noted, Littlehale confessed to kidnapping the victim, sexually assaulting her, and then hiding her clothes from police. The victim provided additional detailed and largely undisputed testimony supporting each conviction. And M.H.'s physical exam, conducted the day after the offenses were committed, indicated that she had suffered sexual and physical abuse. We therefore conclude beyond a reasonable doubt that any error in admitting the photographs did not contribute to or affect the verdicts. *See State v. Davolt*, 207 Ariz. 191, 209, ¶ 64 (2004).

**CONCLUSION**

**¶14** We affirm Littlehale's convictions and sentences.

